The Honorable

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| RICHARD T. CHENG,<br><br>     Plaintiff,<br><br> v.<br><br>G.I. SPORTZ INC., a Canadian corporation, ULTIMATE PAINTBALL, LLC, a Missouri Limited Liability Company, DISCOUNT PAINTBALL, INC., an Illinois corporation, and DOES 1-10,<br><br>     Defendants. | Civil Action No.<br><br>COMPLAINT FOR INFRINGEMENT OF UNITED STATES PATENT<br><br>JURY TRIAL REQUESTED |

   Plaintiff Richard T. Cheng, by and through his attorneys, and for his Complaint against Defendants, states and alleges as follows:

## I. PARTIES AND NATURE OF ACTION

   1.  This is an action for infringement of a United States patent, in violation of 35 U.S.C. §§271, 281, and 283-285. Plaintiff seeks monetary damages against Defendants, and equitable relief in the form of a permanent injunction barring the manufacture, sale, offer for sale or use within United States, and importation into the United States, of goods that infringe the patent rights asserted.

COMPLAINT FOR INFRINGEMENT
OF UNITED STATES PATENT - 1

LEE & HAYES, PLLC
701 Pike Street, Suite 1600
Seattle, WA 98101
Telephone: (206) 315-4001 Fax: (509) 323-8979

2.      Plaintiff Richard T. Cheng is an individual residing at 1536 Duke of Windsor Road, Virginia Beach, VA.

3.      Plaintiff Richard T. Cheng is an inventor of, and by assignment is the sole owner of, all right, title and interest in U. S. Patent No. 6,298,841, entitled "Paintball Gun and Light Emitting Projectile-Type Ammunition for Use Therewith."  A copy of the '841 patent is attached as Exhibit A.

4.      Upon information and belief, G.I. SPORTZ, INC. ("GI Sportz"), is a Canadian federal corporation having its principal place of business at 6000 Rue Kieran, Ville St. Laurent, Quebec H4S 2B5, Canada.

5.      Upon information and belief, DISCOUNT PAINTBALL, INC. ("Discount Paintball"), is an Illinois corporation having its principal place of business at 2250 Elmhurst Road, Elk Grove Village, IL. 60007

6.      Upon information and belief, ULTIMATE PAINTBALL, LLC ("Ultimate Paintball"), is a Missouri Limited Liability Company having its principal place of business at 7075 Stormy Lane, Bonne Terre, MO  63628.

## II.      JURISDICTION AND VENUE

7.      This Court has original subject matter jurisdiction over the causes of action for patent infringement asserted herein, pursuant to 28 U.S.C. §§1331 and 1338.

8.      Plaintiff is informed and believes, and thereon alleges, that Defendant GI Sportz offers to sell and sells within the United States, including within this judicial district, phosphorescent or "glow" paintballs that infringe one or more claims of the

COMPLAINT FOR INFRINGEMENT
OF UNITED STATES PATENT - 2

LEE & HAYES, PLLC
701 Pike Street, Suite 1600
Seattle, WA 98101
Telephone: (206) 315-4001 Fax: (509) 323-8979

'841 patent, including without limitation sales through, and offers to sell through, its online E-commerce portal. Accused products offered on Defendant GI Sportz' website are priced in U.S. dollars. The website provides that a buyer may arrange payment and shipping of accused products to locations within the United States.

9.      Plaintiff is further informed and believes, and thereon alleges, that Defendant GI Sportz has imported infringing paintballs into the United States, which products are sold at retail and online by distributors and retailers within United States.

10.     On information and belief, Defendant GI Sportz has purposefully directed infringing activities toward residents of this district, and has engaged in acts of infringement within this district, whereby this Court has personal jurisdiction over Defendant GI Sportz.

11.     Plaintiff is informed and believes, and thereon alleges, that Defendant Ultimate Paintball offers to sell and sells within the United States, including within this judicial district, phosphorescent or "glow" paintballs that infringe one or more claims of the '841 patent, including without limitation sales and offers to sell through its online E-commerce portal.

12.     Plaintiff is further informed and believes, and thereon alleges, that Defendant Ultimate Paintball has imported infringing paintballs into the United States, which products are offered for sale and sold at retail and online within the United States, including within this judicial district, and Ultimate Paintball has purposefully directed infringing activities toward residents of this district, whereby this Court has personal jurisdiction over Defendant Ultimate Paintball.

COMPLAINT FOR INFRINGEMENT
OF UNITED STATES PATENT - 3

LEE & HAYES, PLLC
701 Pike Street, Suite 1600
Seattle, WA 98101
Telephone: (206) 315-4001 Fax: (509) 323-8979

13.     Plaintiff is informed and believes, and thereon alleges, that Defendant Discount Paintball offers to sell and sells within the United States, including within this judicial district, phosphorescent or "glow" paintballs that infringe one or more claims of the '841 patent, including without limitation sales and offers to sell through its online E-commerce portal.

14.     Plaintiff is further informed and believes, and thereon alleges, that Defendant Discount Paintball has imported infringing paintballs into the United States, which products are offered for sale and sold at retail and online within the United States, including within this judicial district, and Discount Paintball has purposefully directed infringing activities toward residents of this district, whereby this Court has personal jurisdiction over Defendant Discount Paintball.

15.     Plaintiff is further informed and believes, and thereon alleges, that Defendant Does 1-10 have imported infringing paintballs into the United States, which products are offered for sale and sold at retail and online within United States, and Does 1-10 have purposefully directed infringing activities toward residents of this district, whereby this Court has personal jurisdiction over Does 1-10.

16.     Venue is proper within this judicial district pursuant to 28 U.S.C. §1391(d) as Defendant G.I. Sportz is an alien entity, and further venue is proper under 28 U.S.C. §1391(c), as all Defendants are corporations subject to personal jurisdiction within this district, and further venue is proper under 28 U.S.C. §1400(b), as, upon information and belief, Defendants' acts of patent infringement have taken place within this district.

COMPLAINT FOR INFRINGEMENT
OF UNITED STATES PATENT - 4

17.     Plaintiff is informed and believes, and thereon alleges, that Defendant G.I. Sportz is fully amenable to service of process in Canada pursuant to the Hague Service Convention.

### III.     INFRINGING PRODUCTS

18.     Attached as Exhibit B is a screenshot of Defendant GI Sportz' webpage describing the accused "G.I. Craze Clear-Clear-Phosphorescent Green" paintball, and further describing the accused products as "Glow in the Dark-Must be Charged."

19.     The accused paintball products meet each and every limitation of one or more claims of the '841 patent, such that their manufacture, use, offer for sale or sale within the United States, or importation into the United States, constitutes infringement of the '841 patent.

20.     In August 2014, Plaintiff, through counsel, caused letters to be delivered to Defendants G.I. Sportz, Ultimate Paintball and Discount Paintball, advising each Defendant that importation, offer to sell and sale of the accused paintball products in the United States, absent a license from Plaintiff, constitutes infringement of Plaintiff's patent rights.  None of the Defendants has responded.

### IV.     FIRST CLAIM FOR RELIEF
### (DIRECT INFRINGEMENT OF '841 PATENT)

21.     Plaintiff incorporates the allegations of the foregoing paragraphs 1-20 as if fully set forth herein.

22.     The actions of Defendants in offering to sell, selling and/or importing into the United States at least the above-described Accused Products, constitute

COMPLAINT FOR INFRINGEMENT
OF UNITED STATES PATENT - 5

infringement of one or more claims of Plaintiff's '841 patent, in violation of 35 U.S.C. §271(a).

23.     Plaintiff has been damaged as a direct and proximate result of the conduct of Defendants in an amount to be proven at trial, but in no event less than a reasonable royalty.

24.     Further, Defendants' infringing acts are of a continual and ongoing nature, resulting in harm to Plaintiff for which Plaintiff has no adequate remedy at law. For that reason, Plaintiff is entitled to equitable relief including injunctive relief pursuant to 35 U.S.C. §283.

25.     Plaintiff is informed and believes, and thereon alleges, that Defendants were and are aware of Plaintiff's patent rights, and that Defendants' conduct constitutes willful infringement of Plaintiff's '841 patent.

## V.     SECOND CLAIM FOR RELIEF

### (INDUCED INFRINGEMENT OF '841 PATENT)

26.     Plaintiff incorporates the allegations of the foregoing paragraphs 1-25 as if fully set forth herein.

27.     Plaintiff is informed and believes, and thereon alleges, that Defendants enable and encourage third parties, including retail buyers of Accused Products, to use Accused Products in violation of Plaintiff's exclusive rights.

28.     Said conduct of Defendants constitutes inducement to infringe the '841 patent, in violation of 35 U.S.C. §271(b).

COMPLAINT FOR INFRINGEMENT
OF UNITED STATES PATENT - 6

29.     Plaintiff has been damaged as a direct and proximate result of Defendants' inducement to infringe in an amount to be proven at trial, but in no event less than a reasonable royalty.

30.     Further, Defendants' acts of inducement to infringe are of a continual and ongoing nature, resulting in harm to Plaintiff for which Plaintiff has no adequate remedy at law. For that reason, Plaintiff is entitled to equitable relief including injunctive relief pursuant to 35 U.S.C. §283.

31.     Plaintiff is informed and believes, and thereon alleges, that Defendants were and are aware of Plaintiff's patent rights, and that Defendants' acts of inducement to infringe constitute willful infringement of Plaintiff's '841 patent.


## VI.     PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that this Court grant relief against Defendants as follows:

A.     That, as authorized by 35 U.S.C. §283, Defendants, together with their officers, agents and employees, and all persons acting in concert with them, be permanently enjoined from making, using, importing, selling or offering to sell products that infringe the claims of the '841 patent, including at least the Accused Products identified above;

B.     That an award of damages enter in favor of Plaintiff and against each Defendant severally, in an amount adequate to compensate Plaintiff for each Defendant's infringement of Plaintiff's patent rights, in no event less than a reasonable royalty, together with prejudgment interest;

COMPLAINT FOR INFRINGEMENT
OF UNITED STATES PATENT - 7

LEE & HAYES, PLLC
701 Pike Street, Suite 1600
Seattle, WA 98101
Telephone: (206) 315-4001 Fax: (509) 323-8979

C.      That the Court assess increased damages by virtue of Defendants' willful

infringement, and award Plaintiff said increased damages together with Plaintiff's

reasonable attorneys fees, pursuant to 35 U.S.C. §285; and

D.      That Plaintiff be awarded costs, expert witness fees, and such other and

further relief as the Court may deem just and proper.

## VII.    JURY DEMAND

Plaintiff seeks trial by jury as to all issues herein.

RESPECTFULLY SUBMITTED this 28th day of January, 2015.

LEE & HAYES PLLC

By:  /s/ Robert J. Carlson
     ROBERT CARLSON
     WSBA #18455
     Lee & Hayes, PLLC
     701 Pike Street, Suite 1600
     Seattle, WA 98101
     Telephone: (206) 315-4001
     Fax:  (206) 315-4004
     Email: carlson@leehayes.com

Attorneys for Plaintiff Richard T. Cheng

COMPLAINT FOR INFRINGEMENT
OF UNITED STATES PATENT - 8